UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD R. KNIGHT | : |
| VS. | : NO. 3:00cv166 (CFD) |
| CITY OF NEW HAVEN, et al. | : DECEMBER 12, 2003 |

### PLAINTIFF'S REQUESTS TO CHARGE

The plaintiff respectfully requests the Court to charge the jury as follows:

1. The plaintiff has brought this lawsuit to obtain redress for what he contends were violations of his rights under the United States Constitution, specifically his right to be free from false arrest, unreasonable arrest, and unreasonable detention. Federal law provides that any individual may seek redress in this Court, by way of money damages, against any person or persons who, under color of State law, deprive that individual of any of his constitutional rights. In this case, the plaintiff has met his burden of proving that the defendants acted under color of law, so you need not concern yourselves with that issue. [Monroe v. Pape, 365 U.S. 167 (1961); Pitchell v. Callan, 13 F.3d 545 (2d Cir. 1994); Conner v. Donnelly, 42 F.3d 220 (4th Cir. 1994); Stengel v. Belcher, 522 F.2d 438, 441 (6th Cir. 1975).]

2. It is not necessary to find that the defendants had any specific intent to deprive the plaintiff of his civil rights in order to find in favor of the plaintiff. The plaintiff is entitled to

1

relief if the defendant or defendants intended the actions which resulted in the violation of the plaintiff's rights or if the defendant or defendants acted in reckless disregard of the plaintiff's rights. Reckless disregard of the plaintiff's rights simply means not caring whether or not those rights were being violated. [Merriwether v. Coughlin, 879 F.2d 1037 (2d Cir. 1989); Bordanaro v. McLeod, 871 F.2d 1151, 1164 (1st Cir. 1989); Stengel v. Belcher, 522 F.2d 438 (6th Cir. 1975); Gregory v. City of Rogers, 921 F.2d 750, 755-57 (8th Cir. 1990) (Timbers, J.); Wood v. Ostrander, 879 F.2d 583 (9th Cir. 1989); Caballero v. City of Concord, 956 F.2d 204 (9th Cir. 1992); Presnick v. Santoro, 832 F. Supp. 521, 528 (D. Conn. 1993) (Cabranes, J.).]

    3. The testimony of a police officer is entitled to no special or exclusive sanctity. An officer who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does and in the case of police officers you should not believe them merely because they are so employed. You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony, and weigh and balance it just as carefully as you would the testimony of any other witness. People employed by the government, including Hometown police officers, do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater weight. [Wright & Havanich, CONN. JURY INSTRUCTIONS, (2d Ed.) §667; Bordon & Orland, Conn. Criminal Jury Instructions, §3.11.]

    4. If you find that either defendant is liable to the plaintiff on any of the grounds advanced in this lawsuit, you should then consider the question of damages. There are

essentially two kinds of damages which can be awarded in a lawsuit -- compensatory damages and punitive damages. Compensatory damages are designed to compensate the plaintiff for injuries suffered by the plaintiff. These injuries include money actually spent or debts incurred as a result of the injury, as well as emotional anguish, impairment of reputation, personal humiliation, and other suffering. In fixing compensatory damages you should determine the amount of money which will, in your judgment, reasonably and fairly compensate the plaintiff for any harm of any kind which was proximately caused by the wrongful conduct of the defendant. Among the elements of injury and harm for which compensation may be awarded are:

a) The physical harm to the plaintiff during and after the impairment or injury received, including imprisonment and loss of freedom;

b) The emotional harm to the plaintiff during and after the impairment or injury received, including emotional distress or pain, humiliation, personal indignity, embarrassment, fear, anxiety and/or anguish which the plaintiff has suffered or may with reasonable certainty be expected to suffer in the future;

c) Lost wages or earnings.

Whenever you find that a constitutional right of the plaintiff has been violated by the defendant, the plaintiff is entitled to at least nominal damages for that loss. Nominal damages, however, are ordinarily fixed in the amount of $10.00. To support an award of damages in an amount greater than that, you must find that actual loss was proximately caused by the constitutional violation. Actual loss, however, is not limited to expenses or

debts incurred. Injuries of any kind are to be fully and fairly compensated if they are proximately caused by the constitutional violation. You should award damages in such a case to the extent that the loss or injury can be reasonably quantifiable and not simply on the basis of the inherent value of the rights violated. The damages you award should be proportional to the actual loss sustained, whether that loss is physical or mental or emotional or one of the other types of loss I have previously discussed with you. [Memphis Community School District v. Stachura, 477 U.S. 299 (1986); Wheatley v. Beetar, 637 F.2d 863, 865-68 (2d Cir. 1981); Ellis v. Blum, 643 F.2d 68, 82-84 (2d Cir. 1981); Walters v. City of Atlanta, 803 F.2d 1135 (11th Cir. 1986); Johnson v. Franklin, 112 Conn. 228, 229, 152 Atl. 64 (1930); Childs v. Bainer, 35 Conn. App. 301, 304 (1994); Creem v. Cicero, 12 Conn. App. 607, 611, 533 A.2d 234 (1987); Jeffries v. Johnson, 27 Conn. App. 471, 476, 607 A.2d 443 (1992).]

    5. You may also decide whether the plaintiff is entitled to the award of any punitive damages against the defendant Woods. In a case like this one, you may consider whether acts or omissions of the defendant, if you find them to have been proved, were so serious that the defendant should pay a penalty so that in the future others will be deterred from engaging in the same conduct. Whether you decide to award any punitive damages should be based on whether you find that the defendant engaged in any one of the following things:

    1) Willful or malicious violation of the constitutional rights of the plaintiff;

    2) Any intentional act by the defendant in gross disregard of the rights of the

4

plaintiff;

       3) Reckless disregard by the defendant of whether or not he was violating the rights of the plaintiff.

If you find any one of these three things to have been proven, then you should award punitive damages. [Smith v. Wade, 461 U.S. 30 (1983); Stolberg v. Board of Trustees, 474 F.2d 489 (2d Cir. 1973); McFadden v. Sanchez, 710 F.2d 907 (2d Cir. 1983); Savarese v. Agriss, 883 F.2d 1194, 1204 (3d Cir. 1989); Larez v. City of Los Angeles, 946 F.2d 630, 648-49 (9th Cir. 1991); Wright v. Sheppard, 919 F.2d 665, 670-73 (11th Cir. 1990).]

       6. The purpose of punitive damages awards is both punishment and deterrence, and in deciding whether to award punitive damages and, if so, fixing the amount of such damages, the jury acts as the conscience of the community. In fixing the amount of punitive damages, it is appropriate for the jury to consider all of the same factors which a trial judge would consider in imposing sentence in a criminal case. These factors include the behavior of the defendant at trial and his or her apparent lack of genuine repentance for the misconduct in question, if you find such to be the case. [Hall v. Ochs, 817 F.2d 920 (1st Cir. 1987); Rowlett v. Anheuser-Busch, Inc., 832 F.2d 194 (1st Cir. 1987); O'Neill v. Krzeminski, 839 F.2d 9 (2d Cir. 1988); Zarcone v. Perry, 572 F.2d 52 (2d Cir. 1978).]

       7. Police officers have an affirmative duty to enforce the law and preserve the peace. This includes stopping other police officers from violating the law. A police officer may not ignore the duty imposed by his office and fail to stop other officers who illegally arrest or search a third person in his presence. Thus, if you find that any police officer,

whether or not named as a defendant, violated any of the civil rights of the plaintiff, and that the defendant did nothing to prevent it, although in a position to do so, then the defendant himself is liable for that unlawful act. [Gagnon v. Ball, 696 F.2d 17 (2d Cir. 1982); Zapico v. Bucyrus-Erie Co., 579 F.2d 714, 718 (2d Cir. 1978); Bruner v. Dunaway, 684 F.2d 422 (6th Cir 1982); Byrd v. Brishke, 466 F.2d 6, 11 (7th Cir. 1972).]

8. When two or more persons unite in an act which constitutes a wrong to another, intending at the time to commit it, or performing it under circumstances which fairly charge them with intending the consequences which follow, they incur a joint and several liability for the acts of each and all of the joint participants. The law does not require the injured party to establish how much of the injury was done by one person and how much of the injury was done by another. Rather, it permits the injured party to treat all concerned in the injury jointly and all are liable to respond to the plaintiff in a total sum as damages. All those who actively participate in a wrongful act, by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts for their benefit, are equally liable with him. Express agreement is not necessary, and all that is required is that there should be a common design or understanding, even though it be a tacit one. [Prosser, Law of Torts, Section 46, pp. 291-95 (4th Ed. 1971); Gagnon v. Ball, 696 F.2d 17 (2d Cir. 1982).]

9. A police officer may not arrest a person without an arrest warrant unless he has probable cause to believe that a crime has been committed and that the person in question has committed that crime. Probable cause exists if the facts and circumstances known to

the defendant, or of which he had reasonably trustworthy information, are sufficient to warrant a prudent police officer in believing that the suspect has committed a crime. The hunch, guess, conjecture or surmise of an officer is not enough, and there must be enough actual evidence to lead reasonably to the conclusion that the suspect has committed a crime. Thus, if you find that the defendant arrested the plaintiff without probable cause, you must find the defendant liable for a violation of the plaintiff's constitutional rights. [Dunaway v. New York, 442 US. 200 (1979); Brown v. Texas, 443 U.S. 47 (1979); Henry v. United States, 361 U.S. 98 (1959); Brinegar v. United States, 338 U.S. 160, 175-76 (1949); Thamel v. Town of East Hartford, 373 F.Supp. 455 (D.Conn. 1974) (Newman, J.).]

10. A city is liable for the actions of its officials if the actions that are claimed to be unconstitutional are the result of municipal policy. [Monell v. Dept. of Soc. Services, 436 U.S. 658 (1978)]. The policy must be determined by the chief executive or the highest official governing body. [Owen v. City of Independence, 106 S.Ct. 1292 (1986)] Where an official or a commission has final authority over significant matters involving exercise of discretion, the choices the official or the commission makes represent policy of the municipality, and therefore the municipality can be held liable in damages to compensate for the injury. [Rookard v. Health and Hospital Corp., 710 F.2d 41, 45 (2d Cir. 1983)] "When [officials have] final authority in a matter involving the selection of goals or of means of achieving goals, [those] choices represent governmental policy." [Bowen v. Watkins, 669 F.2d 979 (5th Cir. 1982)]

11. In addition to his claims under federal law, the plaintiff also has raised certain

state law claims in this suit. One of the state law claims is negligence. The plaintiff contends that the defendants were negligent in the manner they handled the investigation of the case, thus resulting in his arrest. The burden is on the plaintiff to prove to you by a fair preponderance of the evidence that one or both of the defendants was negligent in one or more of these ways and that such negligence caused injury to the plaintiff. Where the activities of two persons come into such conjunction that unless proper care is used injury is likely to occur, each must use such care to avoid the injury. The plaintiff claims that the defendants were negligent. Negligence is the doing of something which a reasonably prudent person would not do under the circumstances, or the omitting to do what a reasonably prudent person would do under the circumstances. It is the breach of a legal duty owed by one person to another, and such legal duty is simply this: the exercise of reasonable care. The use of proper care in a given situation is the care which an ordinarily prudent person would use in view of the surrounding circumstances. It is not the care which you personally think ought to have been used. Rather, you must determine the question by placing an ordinarily prudent police officer in the situation of the defendants and asking yourselves what would such a police officer have done. All of the surrounding circumstances must be considered. [New England Ironworks Co. v. Connecticut Co., 98 Conn. 609, 610-11 (1923); Marfyak v. New England Transp. Co., 120 Conn. 46, 48 (1935); Geoghegan v. Fox & Co., Inc., 104 Conn. 129, 134 (1926).]

12. The plaintiff also alleges that the defendants intentionally or recklessly inflicted emotional distress upon him in violation of Connecticut law. Under Connecticut law, when

8

a person engages in conduct which involves an unreasonable risk of causing emotional distress to another and that emotional distress is of a kind which, if caused, might adversely affect the plaintiff in a serious way, and the plaintiff actually has suffered such emotional injury, then the plaintiff is entitled to recover any damages which you determine are fair and just to compensate for the emotional distress she has suffered. It is not necessary for there to be any physical injury in order for the plaintiff to recover. All that is necessary is that the conduct of the defendant have been outrageous, that it have been undertaken under such circumstances that a reasonable person would have known that it was likely to cause emotional distress, and that severe emotional distress actually has resulted. If you find these facts to have been proven, then the defendant should be found liable to the plaintiff for the intentional infliction of emotional distress under Connecticut state law. [Buckam v. People Express, Inc., 205 Conn. 166, 173 (1987); Murray v. Bridgeport Hospital, 40 Conn.Sup. 56 (Conn.Super. 1984); Buckley v. Lovallo, 2 Conn. App. 579 (1984); Petyan v. Ellis, 200 Conn. 243 (1986).]

THE PLAINTIFF

BY _____
NORMAN A. PATTIS (#ct13120)
51 Elm Street
New Haven, CT 06510
203.562.9931
FAX: 203.776.9494
His Attorney

## CERTIFICATION OF SERVICE

On the date above stated, a copy hereof was mailed to Martin S. Echter, Esq., Assistant Corporation Counsel, 165 Church Street, Fourth Floor, New Haven, CT 06510.

_____
NORMAN A. PATTIS