UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD R. KNIGHT<br>Plaintiff | :<br>:<br>: |
| vs. | : CASE NO. 3:00CV166 (CFD) |
| CITY OF NEW HAVEN, MILLIE BELTON,<br>SUSAN FRUMENTO & CRYSTAL SHAH<br>Defendants | :<br>:<br>:<br>: DECEMBER 12, 2003 |

## DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS

Counsel for the defendants in the above-captioned matter respectfully requests that the following questions be asked of potential jurors:

1. Have you, or anyone you know, ever been arrested or seized by a police officer?

    a) If so, please state:

        i) whether the person arrested or seized was you

            or someone else and, if not you, state that person's relationship to

            you;

        ii) the circumstances of the arrest or seizure; and

        iii) which police department was involved.

    b) If your answer to the first questions was "yes," what

        was your impression of the conduct of the police at the time?

*OFFICE OF THE CORPORATION COUNSEL · CITY OF NEW HAVEN*
*165 Church Street, New Haven, CT 06510*
*Telephone (203) 946-7958 · Facsimile (203) 946-7942 · Juris No. 42715*

2. Have you, or anyone you know, ever been harassed, assaulted or verbally abused by a police officer?

    a) If so, please state:

        i) whether the person harassed, assaulted or verbally abused was you or someone else and, if not you, state the person's relationship to you;

        ii) the circumstances of the harassment, assault or verbal abuse; and

        iii) which police department was involved.

    b) If your answer to the second questions was "yes", what was your impression of the conduct of the police at the time?

3. Have you ever witnessed an incident in which you felt that a police officer was harassing, assaulting or verbally abusing another person?

    a) If so, please state:

        i) the circumstances of the harassment, assault or verbal abuse; and

        ii) which police department was involved.

    b) If your answer to the third question was a "yes," what was your impression of the conduct of the police at the time?

4.  Have you ever been a party to or witnessed an incident in which you felt that a police officer or officers acted improperly or without just cause?

  a)  If so, please state:

  i)  the circumstances of the incident;

  ii) which police department was involved.

  b)  If your answer to the fifth question was "yes," what was your impression of the conduct of the police at the time?

5.  Are you now, or have you ever been employed by a law enforcement or security agency?

  a)  If so, please state:

  i)  the nature of said employment, and

  ii) whether this would affect your ability to be a juror in a case involving a police officer.

6.  Do you have any relatives or close friends who are now employed, or have been employed by a law enforcement or security agency?

  a)  If so, please state:

  i)  the nature of your relationship with this person or persons;

        ii)      the nature of the employment; and

        iii)     whether this would affect your ability to be a juror in a case involving a police officer.

7. Have you, or any member of your family or any acquaintance ever been employed by any government agency?

    a) If your answer to the foregoing question is "yes," do you feel such person was fairly treated by that employer, and if not, why not?

    b) Do you believe that anything about that experience or involvement might affect your ability to judge this case fairly, and if so, in what way?

8. Have you, or any member of your family or close friend, ever belonged to any civil rights or civil justice organization?

    a) If so, please provide details, including the name of the organization.

    b) Do you believe that anything about that membership might affect your ability to judge this case fairly? If so, in what way?

9. During the past few years there have been reports in newspapers and on television and radio about incidents involving police officers and members of the public. Though the incident alleged by the plaintiff is not similar to those reported, do any of you

believe that what has been reported would influence you in any way if you were chosen to sit on a jury where misconduct by a police officer has been alleged?

    a)    If you answer is yes, have you formed any opinions or drawn any conclusions about police officers in general that might affect your ability to judge this particular case fairly?

THE DEFENDANTS

BY: _____
Jonathan H. Beamon
Assistant Corporation Counsel
Federal Bar No. ct22937
City of New Haven
165 Church Street, 4th Floor
New Haven, CT 06510
(203) 946-7958
E-mail: jbeamon@newhavenct.net

### CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on December 12, 2003 to the following counsel of record, to wit:

John R. Williams, Esq.
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT  06510

_____
Jonathan H. Beamon

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **RICHARD R. KNIGHT**<br>**Plaintiff** | :<br>:<br>: |
| vs. | :<br>:     CASE NO. 3:00CV166 (CFD)<br>: |
| **CITY OF NEW HAVEN, MILLIE BELTON,**<br>**SUSAN FRUMENTO & CRYSTAL SHAH**<br>**Defendants** | :<br>:<br>:     DECEMBER 12, 2003 |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

1. The plaintiff's federal claims are brought under a section of the federal law, 42 U.S.C. §1983, known as the Civil Rights Act. This statute, which I will refer to as "Section 1983" allows lawsuits to be brought for money damages when a person, acting under the color of state law, deprives another person or corporation, of constitutional or federal rights. Specifically, Section 1983 provides that:

> Every person who, under color of any statute...of any State...subjects or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

To establish his claims under Section 1983, the plaintiff must prove the following three elements by a preponderance of the evidence:

    (1)     that the defendants acted under color of state law;

(2) that the conduct of the defendants deprived him of a right secured by the Constitution of the United States; and

(3) that the actions of the defendants were the proximate cause of the plaintiff's injuries and damages.

The first element that the plaintiff must prove is that the defendants were acting under color of Connecticut state law. Both sides agree that, on the day of the incident, the defendants were acting in their capacity as clerks in the New Haven Department of Police Service, and therefore, they were acting under color of state law. Since this element is not in dispute, you do not need to consider it.

So, the plaintiff must prove that the defendants deprived him of a constitutional right, and that the conduct of the defendants proximately caused his injuries and damages. In a moment, I will explain each of these elements in greater detail, but I first want to explain that it is not necessary to find that the defendants had any specific intent to deprive the plaintiff of his constitutional rights in order for you to find for the plaintiff. The plaintiff is entitled to relief if the defendants intended to perform the actions which resulted in a violation of his rights. They are also entitled to relief if the defendants acted with a reckless disregard of his rights. Reckless disregard of the plaintiff's rights means not caring whether or not those rights were being violated. However, if the defendants

acted negligently, mistakenly, or inadvertently, then they cannot be said to have violated his rights. Thus, if you determine that the defendants acted negligently, mistakenly, or inadvertently, even if you find that the plaintiff was injured as a result of those actions, you must find for the defendants.

**Authority:**

> Section 1983 Litigation: Jury Instructions, Vol. 4, Instruction 3.01.1, p. 3-3; Schwartz and Pratt.
>
> Connecticut Jury Instructions (Civil), Fourth Edition, Section 690 c., pp.1065-1066; Wright and Ankerman.
>
> Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979).
>
> Section 1983 Litigation: Jury Instructions, Vol. 4, Instruction 3.01.1, pp. 3-4 and 3-5; Schwartz and Pratt.
>
> Connecticut Jury Instructions (Civil), Fourth Edition, Section 690 f., h. and i.; Wright and Ankerman.
>
> Connecticut Jury Instructions (Civil), Fourth Edition, Section 690 j. and k., pp. 1067 and 1068; Wright and Ankerman.
>
> Brower v. County of Inyo, 489 U.S. 593, 596 (1989).
>
> This is essentially the same instruction given by the Hon. William I. Garfinkel, Magistrate Judge, in Schapperoew v. Consiglio, Civil Action No. 3:98cv678 (WIG).

2. Now I have just explained to you the specific allegations the plaintiff is making with respect to their federal claim under Section 1983. In order to prevail on these federal claims, the plaintiff must also prove that the conduct of the defendants was the proximate cause of the injuries he claims he suffered. The term "proximate cause" means the cause or act which, as a natural consequence, produces the injury or damage, and without which, the injury or damage would not have occurred. In other words, the conduct of the defendants must have been a substantial factor in producing the injuries to the plaintiff. This does not mean, however, that the law recognizes only one proximate cause of an injury or damages. On the contrary, many factors or things, or the conduct of more than one person may operate at the same time, either independently or together, to cause injury or damage. In such a case, each may be a proximate cause.

**Authority:**

> This is essentially the same instruction given by the Hon. William I. Garfinkel, Magistrate Judge, in <u>Schapperoew v. Consiglio</u>, Civil Action No. 3:98cv678 (WIG).

3. I have now completed my instructions to you on the elements of plaintiff's Section 1983 claims. If you find that the plaintiff has proved the elements of their Section 1983 claims against the defendants you must proceed to consider whether the defendants are entitled to what the law calls "qualified immunity" for each claim that the

plaintiffs have proved. The defendants have alleged such an affirmative defense to the plaintiff's claims. Under qualified immunity, the issue is not the correctness of the defendants' conduct, but rather the objective reasonableness of their chosen course of action given the circumstances confronting them at the scene.

The defendants have the burden of demonstrating that their conduct did not violate clearly established federal law. The fact that the defendants acted with subjective good faith does not entitle the defendant to the protection of qualified immunity. The defendants are entitled is entitled to immunity only if a reasonable public official in defendants' position would not have been expected at the time to know that his/her conduct violated clearly established federal law.

In deciding what a reasonable public official should have known about the legality of his/her conduct, you may consider the nature of that defendant's official responsibilities, the information that was known to the defendants or not known to them at the time of the incident in question, and the events that confronted them.

Thus, you must ask yourself what a reasonable clerk in the particular situation of the defendants would have believed about the legality of their conduct. As I stated earlier, you should not, however, consider the defendants' subjective good faith or bad faith. If you find that a reasonable clerk in the defendants' situation would have believed

that their conduct was lawful, then the defendants are protected from liability by qualified immunity.

To summarize, if the defendants convince you by a preponderance of the evidence that their conduct did not violate clearly established federal law on a particular claim, then you must return a verdict for the defendants on that claim. This is so even though you may have previously found that the defendants in fact violated a plaintiff's federally protected right. If you find that the defendants have not proved entitlement to qualified immunity on a particular claim, then you should proceed to consider the issue of damages on the federal law claim.

I again caution you that a constitutional violation such as that alleged by the plaintiff does not occur where the defendants' actions, even though in error, were due to negligence.

**Authority:**

Section 1983 Litigation: Jury Instructions, Vol. 4, Instruction 17.02.1, pp 17-5, 17-6 and 17-7; Schwartz and Pratt.

Lennon v. Miller, 66 F. 3d 416, 421 (2d Cir. 1995).

Harlow v. Fitzgerald, 457 U.S. 800 (1982).

4.  As to the plaintiff's state law claim, the defendants as employees of the City of New Haven at the time of plaintiff's injury, has qualified immunity with respect to the performance of a governmental duty, but he may be liable if they misperform a ministerial act, as opposed to a discretionary act, or acts in a willful or wanton manner. A ministerial act refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. The hallmark of a discretionary act is that it requires the exercise of judgment.

If you find that the defendants negligently performed a ministerial act, or if their actions were willful or wanton, then governmental immunity with respect to plaintiff's state law claims would not be appropriate. On the other hand if you find that the acts or omissions which the plaintiff attributes to the defendants involved the use of discretion or judgment, then they would have state law qualified immunity, and you would have to return a verdict in their favor on plaintiff's state law claims.

**Authority:**

Evon v. Andrews, 211 Conn. 501, 505 (1989)

Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 167 (1988)

Lombard v. Edward J. Peters, Jr., P.C., 252 Conn. 623, 628 (2000)

<u>Gordon v. Bridgeport Housing Authority</u>, 208 Conn. 161, 167-68 (1988)

5.   If you find that the defendants are liable to the plaintiff based on the federal Section 1983 claims or on the state-law claim, then you shall consider the issue of damages.  The fact that I give you instructions on damages should not be taken as an indication that I think damages should be, or should not be, awarded.  This is a determination which is left entirely to you, the jury.  I am instructing you on the principles governing damage awards so that, in the event you should find the defendants liable, you will know on what basis to consider any award of damages.

You may only award damages as are justified by the pleadings and the proof. That is, the plaintiff must prove to you by a preponderance of the evidence the nature and extent of his damages.  And, you shall award damages only for those injuries which you find that the plaintiff has proven were the direct result of the defendants' conduct.

There are two kinds of damages that you may consider – compensatory and punitive damages.

A.   Compensatory Damages

Compensatory damages represent a sum of money that will fairly, adequately, and reasonably compensate a person for harm proximately caused by another's conduct. With respect to the plaintiffs, compensatory damages may be awarded for any physical

injury and emotional harm that they suffered during and after the events at issue in this case, including: money actually spent or debts incurred as a result of the injury; lost earnings; pain and suffering, emotional distress, humiliation, injury to one's reputation, embarrassment, fear, anxiety and/or anguish that you find the plaintiffs have suffered or that you find the plaintiffs will, with reasonably certainty, suffer in the future.

It is for you, in the exercise of your best judgment, to say what is fair and just compensation to the plaintiffs insofar as money will compensate them for the damages that they have sustained. Determining damages in a case of this sort involves a certain degree of estimation. Often, certain types of damages cannot be proven with mathematical certainty. You have to apply sound judgment and common sense in reaching he proper amount of damages. However, there must be evidence to establish damages with at least a reasonable degree of certainty. You are not to guess or speculate what the damages were. You must use you best judgment, remembering always that it is incumbent upon the plaintiff to prove, by a fair preponderance of the evidence, the amount of damages to which he is entitled.

B.     Avoiding Duplicative Damages

Because this case involves multiple claims under federal and state law, I would caution you that the plaintiff may be compensated only once for an injury. You should

not award compensatory damages more than once for the same injury, even though the injury may have been caused by a violation of different rights. In other words, for example, if you find that the plaintiff's claims for a federal law violation and a state law violation both provide theories for compensating one distinct injury, that plaintiff is only entitled to recover once for that injury. For example, if a plaintiff were to prevail on both of his or her claims and establish that he or she suffered a $50 injury, you could not award him $50 in compensatory damages per claim – for a total of $100. Rather, you would only award him a $50 total. With respect to compensatory damages, the plaintiff is only entitled to be made whole again, not recover more than they have lost. Of course, if a plaintiff proves liability on more than one claim and different injuries are attributed to different claims, then you must compensate him or her fully for all of his or her injuries.

C.   Nominal Damages

If you find that the defendants violated the plaintiff's constitutional rights, but you do not find that he suffered actual injury or loss by virtue of their constitutional rights having been violated by the defendants, then the plaintiff is entitled to nominal damages for that loss. Nominal damages, however, are generally set in the amount of $1.00.

The mere fact that a constitutional deprivation has occurred is an injury even when no actual damages flow from that deprivation. Therefore, if you find that the plaintiff has suffered no damages as a result of the conduct of the defendants other than the fact of a constitutional deprivation, then you must award nominal damages of $1.00. I caution you, however, not to consider the award of $1.00 as trivial.

D.   Punitive Damages

I advised you earlier that there are two kinds of damages. The second is known as punitive damages. Punitive damages are available to the plaintiff for their federal claim. If you find that the defendants are liable on the plaintiff's federal Section 1983 claim, you will be asked whether punitive damages are warranted.

[Punitive Damages – Federal Civil Rights Violations]

Before you can award punitive damages, you must first have decided to award the plaintiffs compensatory or nominal damages for the plaintiffs' federal civil rights claims. The law permits the jury, under certain circumstances, to award punitive damages in order to punish a wrongdoer for some exceptional misconduct as I will delineate in a moment, and to serve as an example or warning to others not to engage in wrongful conduct. In deciding whether to award punitive damages, you should consider whether you find that the defendants engaged in any of the following conduct:

1. Willful or malicious violation of the plaintiff's constitutional rights;

2. An intentional act by the defendants in gross disregard of the plaintiff's rights; or

3. Reckless disregard by the defendants of whether they were violating the plaintiff's rights.

Whether or not to make any award of punitive damages is a matter exclusively within the province of the jury. However, you must bear in mind that punitive damages are only allowed if you have first found that the plaintiff is entitled to compensatory or nominal damages on the federal civil rights action. You must also bear in mind that the law requires that punitive damages, if awarded, must be awarded with calm discretion and sound reason. They must never be awarded because of bias, sympathy, or prejudice with respect to any party to the case.

If you decide that the plaintiff is entitled to punitive damages on their state-law claim, the court will determine the amount of damages in a separate proceeding. So, on the verdict sheet that you will be given, you will only be asked whether or not to award punitive damages on these claims.

**Authority:**

This is essentially the same instruction given by the Hon. William K. Garfinkel, Magistrate Judge, in <u>Schapperoew v. Consiglio</u>, Civil Action No. 3:98cv678 (WIG).

THE DEFENDANTS

BY: /s/ Jonathan H. Beamon
Jonathan H. Beamon
Assistant Corporation Counsel
Federal Bar No. ct22937
City of New Haven
165 Church Street, 4th Floor
New Haven, CT 06510
(203) 946-7958
E-mail: jbeamon@newhavenct.net

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on December 12, 2003 to the following counsel of record, to wit:

John R. Williams, Esq.
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT  06510

/s/ Jonathan H. Beamon
Jonathan H. Beamon